2 F.3d 1157
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John H. MARTILA and Judy Martila, Plaintiffs-Appellants,
v.
GARRETT ENGINE DIVISION, a division of Allied-Signal
Aerospace Company, Allied-Signal, Inc., Defendant-Appellee.
 No. 91-16933.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 12, 1993.
Decided July 7, 1993.
 
 Before REINHARDT, TROTT and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The statements submitted to us under oath make it clear that diversity jurisdiction existed in the district court: there is diversity of citizenship between the parties, and more than $50,000 is in controversy. Where the parties fail to properly allege facts supporting the exercise of diversity jurisdiction, but the record indicates that jurisdiction does in fact exist, courts may exercise jurisdiction without requiring an amended pleading. See Odishelidze v. Aetna Life & Cas. Co., 853 F.2d 21, 24 (1st Cir.1988); Hoefferle Truck Sales, Inc. v. Divco-Wayne Corp., 523 F.2d 543 (7th Cir.1975). Accordingly, we hold that the district court had jurisdiction over this action, and we affirm its judgment.
 
 
 3
 Martila alleges that Garrett breached an implied-in-fact contract to dismiss him only for cause and an implied covenant of good faith and fair dealing. We assume, arguendo, the existence of an implicit contract to dismiss only for cause, but we find that cause existed. Garrett directed profane and insulting remarks at company managers. This conduct violated two employee rules of conduct.[1] It constituted cause for firing him. Further, because cause existed to fire Martila, his termination did not breach a covenant of good faith and fair dealing.[2]
 
 
 4
 Martila also complains that Garrett breached its contractual obligation to provide him with an opportunity to appeal his termination. This claim fails because Martila neglected to request an appeal either within 15 calendar days from the date of the incident or within 5 days of the date of his termination, as required by the employee manual. E.R. 74.
 
 
 5
 For these reasons, the judgment of the district court is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Rule 10. Disorderly conduct on Company premises including, but not limited to, fighting, abusive language or threats
 Rule 14. Attempt to coerce, abuse or insult another employee.
 
 
 [2]
 Martila's allegation that other employees have used profanity and have not been disciplined does not avail him: he does not allege that the other employees deliberately directed insulting language and profanity at another employee, and this is the critical fact that establishes a violation of company policy